UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH ALAN FISHER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-295-JD-JEM |
| JARED L. ULRICK, et al., | |
| Defendants. | |

OPINION AND ORDER

Joseph Alan Fisher, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Fisher is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Fisher alleges that on or about April 4, 2023, while he was being detained pending trial at the Dekalb County Jail, he was attacked by Sergeant Jared Ulrick, Corporal Austin Mark, Sergeant Ethan Cook, and Officer Tyler Walden. It is unclear

from his allegations what set off this incident, but he claims that while he was handcuffed and wearing a "spit" mask, Sergeant Ulrick punched him repeatedly in the face using handcuffs as "brass knuckles." Corporal Mark allegedly tazed him repeatedly, punched him in the face 10 to 15 times, choked him, and kneed him in the ribs and neck. Sergeant Cook allegedly tazed him in his genital area several times, even after he was lying on the floor "semi-conscious" and in the "prone position." While this was occurring, Officer Tyler allegedly punched him several times. As a result of this incident, he suffered "life altering injuries" that required oral surgery and other medical treatment. He sues the four officers for money damages.

Because Mr. Fisher was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). The Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To state an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397.

Giving him the inferences to which is he is entitled at this stage, he has alleged a plausible excessive force claim against the four officers. Specifically, he claims that while he was restrained in handcuffs, the officers beat him, choked him, and tazed him,

2

and continued to do so even when he was lying on the ground semi-conscious and in the prone position. It can be plausibly inferred from his allegations that he was not posing a danger to the officers at that time. He claims to have suffered severe injuries necessitating surgery and other medical treatment as a result of the beating. He will be permitted to proceed on a claim for damages against the officers under the Fourteenth Amendment.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Jared Ulrick, Corporal Austin Mark, Sergeant Ethan Cook, and Officer Tyler Walden for damages in their personal capacity for using excessive force against him on or about April 4, 2023, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Jared Ulrick, Corporal Austin Mark, Sergeant Ethan Cook, and Officer Tyler Walden at the Dekalb County Jail and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Dekalb County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Sergeant Jared Ulrick, Corporal Austin Mark, Sergeant Ethan Cook, and Officer Tyler Walden to respond, as provided in the Federal Rules of Civil

Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on July 18, 2024

                                              /s/JON E. DEGUILIO
                                              JUDGE
                                              UNITED STATES DISTRICT COURT