UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH ALAN FISHER,

    Plaintiff,

    v.                                  CAUSE NO. 1:24-CV-295-JD

JARED L. ULRICK, et al.,

    Defendants.

OPINION AND ORDER

Joseph Alan Fisher, a prisoner without a lawyer, is proceeding in this case "against Sergeant Jared Ulrick, Corporal Austin Mark, Sergeant Ethan Cook, and Officer Tyler Walden for damages in their personal capacity for using excessive force against him on or about April 4, 2023, in violation of the Fourteenth Amendment." ECF 5 at 3. On May 12, 2025, the defendants filed a motion for summary judgment. ECF 29. With the motion, the defendants provided Fisher the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 34. Attached to the notice were copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. On October 21, 2025, well after Fisher's deadline to respond to the summary judgment motion expired, the court extended Fisher's response deadline to November 24, 2025. ECF 39. Fisher did not file any

response before this extended deadline, which passed over a month ago. After the extended deadline passed, Fisher filed some "statements" with the court, which the court will treat as Fisher's response to the summary judgment motion. ECF 40. Accordingly, the defendants' summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). In determining whether force was objectively unreasonable, courts consider such factors

as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397.

The defendants provide their own affidavits, in which they attest to the following facts: On November 30, 2022, Fisher arrived at the DeKalb County jail as a pretrial detainee. ECF 30-1 at 1. Over his first few months at the DeKalb County jail, Fisher violently resisted jail staff on a number of occasions. *Id.* For instance, Fisher physically resisted jail officers during his intake processing and threatened jail officers on several occasions. *Id.* at 1-2.

On April 4, 2022, Officer Walden and Corporal Austin served paperwork on Fisher in his cell for violating a jail rule. ECF 30-4 at 1. Fisher refused to sign and return the paperwork, stating to the officers "Come and get it, bitches." *Id.* Officer Walden and Corporal Austin returned to the control room, at which point Fisher began repeatedly kicking his cell door and shouting at the officers to "come and get" him. *Id.* Fisher's kicking of his cell door made it difficult for jail staff to maintain order and presented a safety issue to Fisher, as he could have hurt himself. ECF 30-1 at 2. In response to Fisher's behavior, Sgt. Ulrick, Sgt. Cook, Corporal Mark, and Officer Walden responded to Fisher's cell. *Id.* Fisher began yelling at the officers "Let's go!" and "I'm going to fuck you up." *Id.* The defendants yelled verbal commands for Fisher to get down on the ground, which Fisher refused. *Id.* Corporal Mark radioed for Fisher's cell door to be opened and, once the door opened, Fisher rushed out of his cell with a plastic box

3

which he used to strike Sgt. Cook. *Id.* Sgt. Cook attempted to tase Fisher, but the prongs of the taser were deflected by the plastic box. *Id.* Fisher then rushed toward Sgt. Ulrick and placed him in a headlock, at which point Sgt. Cook and Corporal Mark applied tasers against Fisher which were unsuccessful at gaining his compliance. *Id.*

The officers continued attempting to subdue Fisher, but he resisted by tensing his body and striking and kicking at the officers. ECF 30-1 at 2. Sgt. Ulrick became entangled in the taser probe wires and received a shock. *Id.* Fisher was able to grab Sgt. Cook's hand, gain control of the taser, and "drive-stun" Officer Walden and Sgt. Cook. *Id.*; ECF 30-4 at 2; ECF 30-5 at 2. At that point, Sgt. Ulrick and Corporal Mark began using their closed fists to strike Fisher to regain control of Officer Cook's taser. ECF 30-1 at 2. Fisher continued resisting by kicking and striking the officers. *Id.* at 3. Officer Mark then used a taser to apply a "drive-stun" to Fisher's lower back and butt cheek, but Fisher continued resisting. *Id.* Corporal Mark and Officer Walden were able to secure Fisher on the floor so that Officer Ulrick could place a WRAP restraint on Fisher's legs. *Id.* Corporal Mark then placed a spit mask over Fisher's head. *Id.* While the officers were attempting to secure the chest piece of the WRAP restraint, Fisher bit Corporal Mark's arm through the mask and would not let go. *Id.* The defendants provide a photograph of the bite sustained by Corporal Mark. ECF 30-3. In response to being bitten by Fisher, Corporal Mark applied closed hand strikes to Fisher to attempt to get him to let go. ECF 30-1 at 3. After the officers were able to completely place the WRAP restraint on Fisher, they were able to place him on the WRAP cart and regain control. *Id.* At that point, the use of force stopped completely. *Id.* Fisher was seen by medical staff, and photographs

4

show he sustained only minor injuries such as cuts and bruises. ECF 30-6 at 1; ECF 30-7; ECF 30-8. The defendants attest they applied force that was reasonably necessary under the circumstances to regain control over Fisher and restore order, and the use of force was not deployed as a punishment or for the purpose of causing harm. ECF 30-1 at 3. The defendants also provide a video of the encounter, which is consistent with and does not dispute any of their attestations. ECF 35.[1]

In his response, Fisher does not dispute any of the facts provided by the defendants. The court therefore accepts these facts as undisputed. Instead, Fisher provides statements from other inmates stating they saw correctional officers holding their hands on their firearms as they escorted Fisher into a cell on December 31, 2025. ECF 40. These allegations are not related to Fisher's claim in this lawsuit, do not dispute any of the defendants' facts, and have no impact on the disposition of this case.

Here, there is no evidence in the record by which a reasonable jury could conclude the defendants used "objectively unreasonable" force against Fisher in violation of his Fourteenth Amendment rights. Specifically, it is undisputed Fisher violently resisted the defendants' efforts to retrieve the paperwork from his cell by ignoring their orders to get on the ground, rushing at the defendants with a plastic box, getting Sgt. Ulrich in a headlock, and then kicking, punching, and biting the defendants as they attempted to subdue him and regain control of the situation. Fisher also was

---

[1] When "the evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016) (citing *Scott v. Harris*, 550 U.S. 372, 379-80 (2007)); *see also United States v. Norville*, 43 F.4th 680, 682 (7th Cir. 2022) (a video record of the events at issue can evaporate any factual dispute that would otherwise exist, as courts view the "facts in the light depicted by the videotape") (citing *Scott*, 550 U.S. 372).

5

able to gain control over Sgt. Cook's taser, and at least three of the defendants received shocks during the encounter. Considering the factors laid out in *Kingsley*, there's no evidence the defendants used more force than was reasonably necessary to regain control over Fisher, there's no evidence Fisher suffered any serious injuries from the encounter, and it is undisputed Fisher posed a severe security problem and the defendants reasonably perceived a serious threat from Fisher. *See Kingsley*, 576 U.S. at 396-97. And the allegations in Fisher's response – that correctional officers had their hands on their firearms when they escorted him into a cell in December 2025 – have no impact on this analysis. Accordingly, because there is no evidence by which a reasonable jury could conclude the defendants used an objectively unreasonable amount of force against Fisher during the April 4 encounter, summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 29);

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Joseph Alan Fisher and to close this case.

SO ORDERED on January 13, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

6