UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH ALAN FISHER,<br><br>Plaintiff,<br><br>v.<br><br>JARED L. ULRICK, et al.,<br><br>Defendants. | CAUSE NO. 1:24-CV-295-JD |

OPINION AND ORDER

Joseph Alan Fisher, a prisoner without a lawyer, moves the court to set aside its judgment in favor of the defendants. ECF 46. As background, the defendants filed a motion for summary judgment on May 12, 2025, arguing no reasonable jury could conclude they used an "objectively unreasonable" amount of force against Fisher in violation of his Fourteenth Amendment rights. ECF 29. In support of their summary judgment motion, the defendants provided a video of their use of force. ECF 33. Fisher did not file any response to the defendants' summary judgment motion within the 28-day deadline. In October 2025, well after the response deadline had expired, Fisher filed a motion for an extension of time to file a response. ECF 38. The court granted Fisher an extension until November 24, 2025. ECF 39. Fisher did not file any response by that extended deadline.

On January 12, 2026, Fisher filed some "statements" with the court that related to his claim against the defendants. ECF 40. The court construed Fisher's "statements" as his belated response to the summary judgment motion. *See* ECF 42. It then entered an

order granting summary judgment in favor of the defendants. *See id.* In the summary judgment order, the court concluded no reasonable jury could find the defendants used an objectively unreasonable amount of force against Fisher based on the defendants' attestations and the video of the incident. *Id.* at 5. The court noted the video showed Fisher violently resisting the defendants by ignoring their orders to get on the ground, rushing at them with a plastic box, getting one defendant in a headlock, gaining control over a taser and shocking three defendants, and kicking, punching, and biting the defendants as they attempted to subdue him. *Id.* at 5–6.

In his motion to set aside judgment, Fisher argues he placed a response to the defendants' summary judgment motion in the mail sometime in November 2025 and did not realize the court had never received it until he received the court's order granting summary judgment. ECF 46. Fisher does not recall when in November he allegedly mailed the response, does not provide any receipt, mail log, or other evidence showing he submitted the response for mailing, and does not provide a copy of the response he claims to have submitted. *See id.*

Rule 60 authorizes a court to relieve a party from a final judgment based on, among other things, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Fisher's assertion that his summary judgment response was lost in the mail falls under Rule 60(b)(1)'s provision for "excusable neglect." "A trial judge's decision to grant or deny relief under Rule 60(b)(1) is discretionary." *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). Whether neglect is "excusable" is an equitable determination that requires consideration of all relevant circumstances, including the danger of prejudice

to the opposing party, the length of the delay and its effect on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). Relief under Rule 60(b) is an "extraordinary remedy" granted "only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005).

Here, Fisher has not shown excusable neglect warranting relief from judgment. To begin, Fisher has not substantiated his assertion that he ever submitted a response to the court. Although lost mail can constitute excusable neglect, *see Brown v. Hertz*, 437 F. App'x 496, 499-500 (7th Cir. 2011), Fisher provides nothing beyond his present assertion that he mailed a response sometime in November. He cannot recall when he mailed it, provides no receipt, mail log, certificate of service, or other corroborating evidence, and does not possess a copy of the response he allegedly mailed. When a prisoner claims that a filing never received by a court was nevertheless timely submitted to prison officials, the Seventh Circuit has required not only a sworn declaration regarding the submission but also "some other corroborating evidence." *Ray v. Clements*, 700 F.3d 993, 1011 (7th Cir. 2012).

The circumstances here stand in marked contrast to *Brown*. There, the prisoner produced a receipt showing that he mailed a three-pound package to the courthouse on the summary judgment deadline, an affidavit attesting that the package contained his response, a prison receipt relating to copies of the response, and two prejudgment filings referring to the response as already having been submitted. *Brown*, 437 F. App'x

at 498-500. The Seventh Circuit concluded that Brown had done "about as much as he could to prove that he mailed a response." *Id.* at 499. Fisher, by comparison, provides no contemporaneous or objective evidence that the response he describes was ever prepared or submitted for mailing. The court therefore cannot conclude from Fisher's vague and unsupported assertion that the failure to receive his response resulted from lost mail rather than his failure to submit one.

Even assuming Fisher did place a response in the mail sometime in November, he still has not explained why he failed to discover that the court had not received it. Fisher knew that the defendants' summary judgment motion was pending, that the original response deadline had already expired, and that the court had granted him an extension only until November 24, 2025, to file his response. Yet he did not alert the court that his response was missing or otherwise inquire about its status before the court ruled on the summary judgment motion approximately seven weeks later. "[L]ike all litigants," Fisher was responsible for "monitoring the status of his case by periodically checking the court's docket." *Shaffer v. Lashbrook*, 962 F.3d 313, 317 (7th Cir. 2020). Even if a mailing is lost through no fault of the litigant, that does not excuse the litigant's subsequent failure to monitor an active case. *See id.* Fisher offers no explanation why, after allegedly mailing a response to an already overdue summary judgment motion, he took no steps to confirm that the court had received it.

Finally, there is one more reason relief from judgment is unwarranted. Fisher does not explain how consideration of the purported response could have altered the outcome of the case. Indeed, he does not provide the response, describe what evidence

it contained, or identify any argument or evidence the court failed to consider. The court did not enter judgment merely because Fisher failed to file a timely response. Rather, it construed the "statements" Fisher filed on January 12, 2026, as his response and resolved the summary judgment motion on the evidentiary record, including the video of the encounter. *See* ECF 42. A court considering a Rule 60(b)(1) motion may properly consider whether correcting the asserted omission would change its underlying analysis. *See Word Seed Church v. Vill. of Hazel Crest*, 114 F.4th 814, 825 (7th Cir. 2024) (affirming denial of Rule 60(b) relief where the district court considered the omitted argument and concluded its summary judgment analysis would remain unchanged).

Here, the summary judgment ruling rested principally on video evidence showing the encounter itself. The video showed Fisher actively and violently resisting the defendants, including rushing at them with a plastic box, placing an officer in a headlock, obtaining a taser and shocking three officers, and continuing to kick, punch, and bite the officers while they attempted to restrain him. ECF 42 at 5–6. When video evidence "blatantly contradict[s]" a party's account such that no reasonable jury could believe that account, the court must view the facts "in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007). Fisher identifies nothing that his purported response would have added to the record that could overcome what is plainly depicted in the video or otherwise create a genuine dispute of material fact regarding the reasonableness of the defendants' use of force. Thus, even if Fisher could establish that he timely mailed a response that was lost through no fault of his own, he

has not shown any reason to believe consideration of that response would alter the court's conclusion that the defendants were entitled to summary judgment. Setting aside the judgment under these circumstances would serve no purpose.

Accordingly, Fisher has neither shown excusable neglect nor identified any exceptional circumstance warranting relief from the final judgment. For these reasons, Fisher's request to set aside judgment and reopen this case (ECF 46) is **DENIED**.

SO ORDERED on August 25, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT